WINWOOD, APPELLANT, v. STURGEON, APPELLEE.

(No. 3643—Decided January 6, 1955.)

*Mr. Fanyerose Gancfried,* for appellant.
*Mr. Ralph R. Miller,* for appellee.

PHILLIPS, J.   Defendant owned a tile-block house and a two-car garage in Youngstown, Mahoning County, which she purchased in 1942.   The property was registered under the Federal Rent Control Act, and through 1949 was rented unfurnished at a fixed maximum rental of $35 a month.

The premises were vacant in 1950 and until mid-August 1951, while defendant was remodeling, redecorating and furnishing the house.   The house, which consisted of three rooms and a bath, was remodeled by bricking three sides thereof, waterproofing the inside cellar walls, installing plaster walls, replacing windows throughout the house, and installing a bathroom floor, kitchen sink, cabinets and cupboards, and a hot water system.   The entire interior of the building was redecorated.   The house was furnished with a living room rug, congoleum kitchen rug, electric refrigerator and washer, curtain rods, curtains and drapes, beds, chairs, wardrobes, davenport, and other necessary furniture of a furnished apartment.

Plaintiff's wife agreed in early August 1951 to rent the house furnished for $65 per month.   After learning, in August 1952, that the premises, before remodeling and furnishing, had rented for $35 per month, and while living in the

furnished house, plaintiff filed a complaint with the Area Rent Control Office, which, on September 12, 1952, ordered a rental increase to $50 per month.

The advisory board, to which defendant appealed from the decision of the Area Rent Control Office, ordered a remittitur of $10 a month for the year beginning August 21, 1951, and ending August 21, 1952, which it held was an overcharge made by defendant for that period. In compliance with that order defendant credited $120 to plaintiff's account for future rent; and the advisory board ordered the rent increased to $55 per month.

Thereafter plaintiff filed an action in the Court of Common Pleas praying ''that he be granted liquidated damages against the defendant in the amount of $90 per month for each and every month from August 21, 1951, to August 21, 1952, making a total of $1,080 damages together with reasonable costs and attorney's fees for plaintiff's attorney as may be determined by the court.''

At the close of all the evidence, the trial judge directed the jury to return a verdict for the defendant saying:

''It is clear to my mind in this case the evidence is uncontroverted that the maximum ceiling on the property sometime in the early forties was $35 a month. It is also clear from the evidence that no actual change was made by the local rent director, no actual change in that ceiling was made until an order was issued on September 12, 1952 as of August 21, 1952, raising the ceiling to $50. That order was modified later on December 31, 1952, by raising the ceiling $5 more to $55.

''Now, it is clear also that certain substantial improvements were made to the property subsequent to the time that the ceiling was fixed at $35, and, therefore, the question of law before me was whether the landlord before charging, as she did here, $65 should have gone to the rent office and got the ceiling raised before she charged it, or whether she could charge it subject to later revision.

''Now, I am satisfied to follow what I believe to be the law in two cases: One decided by the Court of Appeals in Hamilton County, Ohio, *Wright* v. *Youkilis*, decided last December 8 [1952] and reported in 93 Ohio Appellate, 519, and also the

case of *Connor* v. *Wheeler,* decided by the Federal District Court in Western Pennsylvania in April 1948, reported in 77 Federal Supplement, 875. I believe the law as stated in those cases is correct, and it is as follows:

" 'Where landlord fails to notify area rent director that there has been a change in rental premises'—a change, meaning substantial improvements, as here—'landlord may continue to collect unapproved rental subject to a revision by public authority and to a refund of anything then found to have been excessive.'

"'I believe the evidence shows in this case that the final ceiling fixed by the rent director was $55 a month, which is, of course, $10 less than these people were charged. I believe, however, there is ample evidence in the record that the plaintiffs here received a refund of a total of $120, that is, $10 a month for twelve months as credit on their future rent bill after the period in question, because they stayed in the property for some year or so after the period here in question.

"Now, under the law, therefore, I believe the plaintiffs are not entitled to collect any excess or any penalty as provided by the law * * *."

Subsequently, the trial judge entered judgment on the verdict of the jury, and from that judgment plaintiff appealed to this court on questions of law and fact. The case was appealed improperly on questions of law and fact, and the words "and fact" were stricken from plaintiff's notice of appeal. It appearing that a bill of exceptions was duly filed, the appeal was retained as one on questions of law and was submitted to us on brief.

By assignments of error, plaintiff contends that the trial court erred to his prejudice in the following respects: First, in "refusing to admit evidence offered by the plaintiff, to the refusal of which the plaintiff duly objected"; second, "in the admission of evidence offered by defendant, to which the plaintiff objected"; third, "in sustaining defendant's motion for a directed verdict made at the close of the evidence and erred in entering judgment for the defendant when judgment should have been entered for the plaintiff"; fourth, "in ruling that the plaintiff had received a refund of a total of $120 as credit on

his future rent bill''; fifth, ''in refusing to award the plaintiff treble damages, costs and attorney fees''; and sixth, ''in depriving plaintiff of property without due process of law.'' Finally, plaintiff contends by assignments of error that ''the judgment of the court is against the manifest weight of the evidence and contrary to law.''

As the result of a careful review of the evidence in its entirety and consideration of the law applicable thereto we can do no other than affirm the judgment of the trial judge on the excellent statement made by him to the jury, which is supported by *Dunaway* v. *Torline*, 90 Ohio App., 516, 105 N. E. (2d), 75, where it is said:

''No matter how this situation is viewed, the defendants, at least, had a right to have the rent control office determine whether the improvements and modifications constituted a major capital improvement justifying an increase in the maximum rent, and until such ruling is made no action can be maintained by the tenant in any court to recover an excess of payment.''

The Supreme Court dismissed appellant's appeal in that case. See *Dunaway* v. *Torline,* 156 Ohio St., 535, 103 N. E. (2d), 576.

It is said at page 200:806 in the guide control book of the Office of Price Administration:

''Interpretation No. 9—Determination of major capital improvement: Where housing accommodations have been substantially changed * * * by a major capital improvement * * * the maximum rent is the first rent after such change.''

We have studied plaintiff's assignments of error, read the evidence and the law applicable thereto, and conclude that the judgment of the trial court must be and hereby is affirmed.

*Judgment affirmed.*

GRIFFITH, P. J., and NICHOLS, J., concur.