MARKESE, APPELLEE, *v.* ELLIS ET AL., APPELLANTS.

(No. 10141—Decided July 10, 1967.)

*Messrs. Graydon, Head & Ritchey* and *Mr. Steven F. Williams*, for appellee.
*Messrs. Bloom, Greene, Thurman & Uible*, for appellants.

DOYLE, J. This is an action of tort to recover compensation for damages alleged to have been sustained by the plaintiff, Dorothy H. Markese, on March 9, 1960, through the negligent operation of a motor vehicle owned and driven by the defendant Robert Ellis. Because of circumstances, later to be stated, Hartford Accident and Indemnity Company was made a defendant to the action in its capacity as an insurer of the defendant Robert Ellis.

In their answers, the two defendants, amongst other matters, pleaded the statute of limitations, whereby it is required that an action of this nature be brought within two years after the cause of action accrues. Replies filed by the plaintiff created, among others, the issue of the limitation of the statute. The fact that the action was filed more than two years after the cause of action accrued is obvious; however, the claim is made that from the pleadings, and the facts, the court erred in not sustaining the motion of the defendants for judgment in their favor, as no proof was made justifying a finding of estoppel against the pleaded defense of the limitation statute.

It appears that the case went to trial before a jury, and, upon the pleadings and the evidence, a verdict was rendered for $5,000 in the plaintiff's favor. The court thereupon entered its judgment on the verdict. In order of sequence, the court then overruled the defendants' motion for judgment in their

favor notwithstanding the verdict, but did sustain the defendants' motion for a new trial.

The appeal to this court is from the order of the Court of Common Pleas of Hamilton County "overruling defendants' motion for judgment notwithstanding the verdict entered on December 19, 1966." The sole assignment of error raises the question of whether, from the evidence in the case, the defendants were entitled to judgment as a matter of law, it being conceded that the plaintiff did not bring her action within the period of limitation in the statute. (Section 2305.10, Revised Code.)

The plaintiff, without doubt, incurred some damage as the result of a collision between an automobile in which she was a passenger and an automobile operated by the defendant Robert Ellis; and the evidence shows that the defendant Ellis's insurance company, through its agents, called upon her on a number of occasions to discuss the terms of a settlement. In several of the discussions, the agents promised to take care of her actual expenses; and on one occasion, she was asked to compute her expenses, and a release form was given her in the amount of $350, which was more than her expenses at the time. She replied to this offer by saying, in substance, that at that time her expenses were not sufficient to base a settlement of her case, and she refused the offer. Contacts were had from time to time between the agents of the company and the lady, but never did they reach an agreement for settlement. Generally, the discussions related to her expenses, and the company's agents promised that her expenses would be paid if agreement could be reached. No agreement was ever reached.

A pertinent part of her testimony, indicating the status of the negotiations with one of the negotiating agents, is as follows:

"Mr. Gilliece stated in effect that the Hartford Company was interested in settling with me on the basis of my expenses, and I stated in effect that I did not know what they would be in the future, that it would be very unwise of me to settle without knowing what they would be, that at this point nothing had occurred in my condition or no change in my condition to indicate that I was getting any better or that I could state with a certainty what might occur in the future or what expenses were still ahead of me, and the Hartford Company, according to Mr.

Gilliece's answer in effect was that this was understandable and that this was the logical way to do this thing."

The evidence further indicates that no further contact was made with the agent, excepting a telephone conversation in January of 1962, at which time she told him that she had one more appointment with a doctor and then she would be in a better position to evaluate her condition. The agent responded by saying that within two or three weeks he would call her at her home and go to see her. The agent failed to see her, and she failed to reach him by telephone on several occasions.

The statute of limitations expired on March 9, 1962, prior to the institution of any action for damages.

We have looked to the record to determine whether there is any evidence of a probative character showing fraud, deceit, or misrepresentation on the part of the defendants, and we find none; nor do we find any evidence tending to mislead the plaintiff in respect to her exact legal status. We recognize the principle of law that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause the adversary to subject a claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought. The doctrine of estoppel has been primarily formulated to prevent results contrary to good conscience and fair dealing.

With these and other principles of equity in mind, does it appear that Dorothy H. Markese, plaintiff, had been induced, by the conduct of the defendants, to do something different from what otherwise she would have done, and which has resulted to her harm by the tolling of the statute of limitations; and that the defendants knew, or had reasonable cause to know, that such a consequence might follow?

There is no evidence that the defendants misrepresented their position, or that they misled the plaintiff in any way; there is nothing that indicates in the negotiations for settlement that the agents for the insurance company endeavored to delay a settlement to the end that the plaintiff would abstain from employing legal counsel, or from commencing a suit within the statutory period; there is nothing to show that the plaintiff relied on statements of the defendant Hartford, which influenced her failure to bring suit within the statutory time. Everything

in the record indicates that her decision to delay settlement of her claim was influenced entirely by her emphatic position that she would wait until her future physical condition could be ascertained. The insurance company agreed with her in this respect, but, in doing so, created no duty on its part to advise her to engage a lawyer and bring suit.

Proof of fraud, in its strict sense, is not always necessary for estoppel, and one may be held responsible for words or act which he knows, or ought to know, will be acted upon by another. Nothing in this case, however, makes this rule applicable. The plaintiff was a business woman and a free agent, engaged in the negotiation of a claim which she claimed to have against another. She was the one who refused to set an amount for settlement; she was the one who wanted the delay; and it was her conduct alone which caused the tolling of the statute.

Our conclusion is that, in the circumstances here disclosed, there was error in the denial of the motion for judgment *non obstante veredicto*, and this court, within its power so to do, reverses the ruling of the trial court and sustains the motion as a matter of law. Judgment will be entered for the defendants, appellants herein.

*Judgment reversed and final judgment for appellants.*

BRENNEMAN, P. J., and HUNSICKER, J., concur.

BRENNEMAN, P. J., HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.