SHIBLEY ET AL., APPELLANT, *v.* TIME, INC. ET AL., APPELLEES.

[Cite as Shibley v. Time, Inc. (1975), 45 Ohio App. 2d 69.]

70

(Nos. 33745 and 33748—Decided June 19, 1975.)

*Mr John G. Lancione,* for appellant.
*Mr. David M. King,* for intervenor Joseph Kalk.
*Mr. Ezra K. Bryan* and *Mr. Don Pace,* for appellee Time, Inc.
*Mr. Harry Nester* and *Mr. David Weiner,* for appellee Playboy Enterprises, Inc.
*Mr. George Karch, Jr.,* for appellee.

CORRIGAN, J. Plaintiff, Norman W. Shibley, and intervenor, Joseph Kalk, have both filed appeals from the trial court's granting of all defendants' motions to dismiss the complaint and crossclaim for failure to state a claim upon which relief can be granted. They also appeal a finding by the trial court that this action may not be maintained as a class action. The ruling appealed from is reported as *Shibley* v. *Time* (1974), 40 Ohio Misc. 51. The appeals of plaintiff and intervenor have been consolidated by this court.

This action originated with the plaintiff's complaint against the publishers of *Time Magazine, Esquire, Playboy,* and *Ladies Home Journal* and against the issuer of American Express credit cards. The complaint alleged that the defendants' practice of selling subscription lists to direct mail advertising businesses without the prior consent of subscribers constituted an invasion of privacy and unjust enrichment. Plaintiff sought certification as a class action on behalf of all subscribers, an injunction against defendants from selling subscription lists, damages, and costs. Intervenor entered this action as a member of the purported class seeking to protect the interests of those members who wished to waive their privacy right and permit their names to be sold to direct mail advertisers. His cross-claim demanded that defendants be required to seek the consent of all subscribers before including their names on lists sold to advertisers. Subsequent to the dismissal of all defendants and the denial of a class action appellants

entered into a settlement with American Express and therefore do not appeal the judgment as to that defendant.

On appeal plaintiff has modified his original position and has joined intervenor in demanding that defendants obtain the prior consent of subscribers before selling subscription lists. A motion to dismiss the appeal for failure to list assignments of error was overruled by this court. It is clear that this appeal consists of two basic issues: "Do the complaint and cross-claim state a cause of action?" and "Could this action be maintained as a class action?"

Appellants take the position that an adverse ruling as to the first issue makes a ruling on the second issue unnecessary. We do not agree. Pursuant to App. R. 12(A) this court is under a duty to pass upon all errors assigned. Furthermore, should we determine that this is properly a class action any future settlements between the parties similar to the one entered into by appellants and American Express would require approval of the court and notice to all members of the class under Civ. R. 23(E).

I.

Appellants' argument on appeal is that defendants' practice of renting and selling subscription lists constitutes an invasion of privacy because it amounts to a sale of individual "personality profiles," which subjects the subscribers to solicitations from direct mail advertisers. The reasoning behind this position is the contention that the buyers of these lists are able to draw certain conclusions about the financial position, social habits, and general personality of the persons on the lists by virtue of the fact that they subscribe to certain publications and that this information is then used in determining the type of advertisement to be sent. This, appellants contend, is an invasion of privacy which was not consented to nor made a part of the original subscription contract. The argument then continues that defendants have therefore been unjustly enriched at the subscribers' expense.

We cannot agree with appellants that this practice constitutes an invasion of privacy and therefore find that the trial court correctly granted defendants' motions to

dismiss. Invasion of privacy, as it is recognized in Ohio, is defined in the second syllabus of *Housh* v. *Peth* (1956), 165 Ohio St. 35, as follows:

"An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

Recognizing that their situation does not fall within any definition of invasion of privacy as yet propounded, appellants nevertheless attempt to bring themselves within *Housh* v. *Peth, supra* by arguing that defendants' activity constitutes an "appropriation of one's personality." It is clear from a reading of the authorities dealing with invasion of privacy that the "appropriation or exploitation of one's personality" referred to in *Housh* refers to those situations where the plaintiff's name or likeness is displayed to the public to indicate that the plaintiff indorses the defendant's product or business. See W. Prosser, *Law of Torts* §117 (4th ed. 1971). The activity complained of here does not fall within that classification.

That defendants' activity does not constitute an invasion of privacy is indicated by the fact that the Ohio legislature has enacted R. C. 4503.26 permitting the sale of names and addresses of registrants of motor vehicles. The present state of the law as to the relation between the right of privacy and the practice of selling subscription lists to direct mail advertisers is summarized in a case challenging the constitutionality of a New York statute authorizing the Commissioner of Motor Vehicles to sell registration lists. *Lamont* v. *Commissioner of Motor Vehicles* (1967), 269 F. Supp. 880. In that case the court stated:

"* * * The mail box, however noxious its advertising contents often seem to judges as well as other people, is hardly the kind of enclave that requires constitutional defense to protect 'the privacies of life.' The short, though regular, journey from mail box to trash can * * * is an ac-

ceptable burden, at least so far as the Constitution is concerned * * *."

The right of privacy does not extend to the mailbox and therefore it is constitutionally permissible to sell subscription lists to direct mail advertisers. It necessarily follows that the practice complained of here does not constitute an invasion of privacy even if appellants' unsupported assertion that this amounts to the sale of "personality profiles" is taken as true because these profiles are only used to determine what type of advertisement is to be sent.

Appellants have requested that this court make new law by expanding the present concept of invasion of privacy to include the practice complained of here. It is not within our province to create a specific right which is not recognized at common law. The forum to which appellants should look is the legislature because the appropriate remedy in this situation is the creation of a statutory right. As the trial court noted, the General Assembly has acted in the past, and continues to act, in the area of sales of names and addresses to direct mail advertisers. We quote from Judge Fink's opinion:

"The founders of our nation constitutionally set up a government composed of three branches—the legislative, executive and judicial. It is improper for one to invade the province of the other. This is a case peculiarly within the province of the legislative branch and it would be improper for the judicial branch to usurp the legislative function. The judicial branch may interpret the laws enacted by the legislative branch but it may not legislate, and that is what would be required if the plaintiff is to succeed here."

Since appellants base their claim of unjust enrichment upon the assumption that defendants have wrongfully appropriated their personalities, that claim has no merit there being no such wrongful appropriation. The complaint and cross-claim were properly dismissed for failure to state a cause of action.

## II.

The trial court determined that this action could not be maintained as a class action because the mandatory re-

quirements of Civ. R. 23(A)(3) and (4) as well as the additional requirement of Civ. R. 23(B)(1) had not been satisfied. In the second portion of this appeal it is argued that the court was in error when it denied class action status. We find that the trial court's ruling was proper.

It is a prerequisite to the maintenance of a class action that the claims of the parties who seek to represent the class be typical of the claims of the class as a whole. Civ. R. 23 (A)(3). Appellants contend that their claim is typical because all they claim is a right to consent to the sale of their names. We find this approach to be too simplistic and not in conformity with the evidence.

In actuality appellants base their claim upon a right of privacy from which they derive this "right of consent." Without the privacy right there is no consent requirement. As the trial court noted "[a] privacy claim is a peculiarly personal one." Because this right of privacy which is being asserted differs from person to person and because the claims of plaintiff and intervenor are adverse to each other it cannot be said that appellants' claims are typical of the class as a whole.

In addition the trial court pointed out:

"Plaintiff Shibley is also not typical of the purported class because he is a prominent lawyer, a partner in a distinguished law firm, president of the Greater Cleveland Bar Association, and a public figure. It is hornbook law that public figures have a much weaker basis for privacy claims than average citizens."

For all of the foregoing reasons the court correctly determined that the claims of plaintiff and intervenor were not typical of the claims of the class as required by Civ. R. 23(A)(3).

An additional prerequisite to a class action is that the representative parties fairly and adequately represent the interests of the class. Civ. R. 23(A)(4). Appellants argue that they can give adequate representation notwithstanding the fact that their own law firms are seeking to represent the entire class. It has been consistently held that a potential conflict of interest arises and the danger of inade-

quate representation is created when the representative of the class in a class action case is also associated with the attorney for the class. *Berkman* v. *Sinclair Oil Corp.* (1973), 59 F. R. D. 602; *Shields* v. *First National Bank of Arizona* (1972), 56 F. R. D. 442; *Kriger* v. *European Health Spa* (1972), 56 F. R. D. 104. The explanation for this potential conflict of interest is that there exists on the part of the representative a temptation to enter into a settlement which may be less favorable to the class as a whole but more favorable to the representative attorney in terms of attorney's fees. *Graybeal* v. *American Savings & Loan* (1973), 59 F. R. D. 7. Thus his potential recovery as a class member is far exceeded by his financial interest in the legal fees. *Cotchett* v. *Avis Rent A Car* (1972), 56 F. R. D. 549. This situation does not comport with the high quality of objectivity, duty, and integrity required of lawyers. *Shields* v. *Valley National Bank of Arizona* (1971), 56 F. R. D. 448. For these reasons the court below was not in error in determining that appellants could not adequately represent the interests of the class as a whole as required by Civ. R. 23(A)(4) because they were represented by their own law firms.

Finally, the trial court found that this action could not be maintained as a class action because it did not meet the requirements of Civ. R. 23(B)(1)—the classification specifically sought by appellants below. On appeal it is not argued that the court was in error in making that determination. Instead appellants now contend that this action meets the requirements of Civ. R. 23(B)(3). That argument is not properly before this court. Issues not raised before the court below cannot be raised for the first time on appeal. *Republic Steel* v. *Board of Revision* (1963), 175 Ohio St. 179; see also *Woelfling* v. *Great West Life Assurance Co.* (1972), 30 Ohio App. 2d 211.

*Judgment affirmed.*

KRENZLER, C. J., and PARRINO, J., concur.