SCHRADER, APPELLANT, ET AL., *v.* GILLETTE, APPELLEE, ET. AL.

(No. 3895 — Decided June 20, 1988.)

*Michael S. Harshman,* for appellant.

*Marshall D. Buck,* for appellee.

CHRISTLEY, J. During the spring and summer of 1984, appellant, Eleanor M. Schrader, suffered from an arthritic condition in her right knee. Unable to walk comfortably, appellant scheduled two appointments to see appellee, Carl R. Gillette, D.O., who owns the Family Medical Center. During both of these visits, appellee aspirated appellant's knee by inserting a needle into the knee and withdrawing the fluid inside the joint.

Within four days after the second aspiration, appellant developed a staph infection in the knee. On July 22, 1984, appellant was admitted to Trumbull Memorial Hospital, where a second physician performed surgery on the knee. One year later, the knee had still not healed.

Appellant testified, in a deposition which was never filed, that during her hospital stay of July, she "knew" that the aspiration performed by appellee had caused the staph infection. As a result, appellant and her husband verbally had contact with appellee's office in September 1984. Appellant alluded to the many expenses they had incurred as a result of the illness, and stated that some of her friends had encouraged her to sue appellee, although she did not want to do so. In October, appellee's office contacted appellant to check on her condition, and told her that appellee was willing to pay her "out of pocket" expenses.

On June 27, 1985, appellant sent a letter to appellee explaining the situation again. Attached to the letter were copies of the bills the Schraders had incurred during the illness. In response, appellee mailed appellant a check for

$2,125.48, covering those expenses which were not paid for by her insurance policy. Subsequently, appellant telephoned appellee and stated that she did not believe this settlement was sufficient. Appellee then told her that he would contact his insurance company about the situation.

On September 13, 1985, the Schraders filed a complaint against appellee et al., alleging malpractice and seeking compensatory and punitive damages. On August 18, 1986, appellee filed a motion for summary judgment, claiming that the suit was barred by the one-year statute of limitations. In response, appellant argued that the June 27 letter gave appellee notice of a possible legal action against him, thereby invoking the one-hundred-eighty-day extension set forth in R.C. 2305.11(A) (now part of division [B]).

The trial court granted appellee's motion on May 14, 1987. Appellant then filed a timely notice of appeal with this court, making the following assignment of error:

"The trial court erred in granting summary judgment in favor of defendant, Carl R. Gillette."

In arguing that the trial court erred in granting summary judgment, appellant advances two theories. First, appellant contends that her letter of June 27 properly invoked the one-hundred-eighty-day extension of the statute of limitations. Second, appellant argues that appellee should be estopped from pleading this defense because his actions induced a delay in the filing of the action. While both of these arguments lack merit, the judgment of the trial court is, nonetheless, reversed because appellee failed to establish the date appellant's cause of action accrued.

As to appellant's first contention, the second paragraph to R.C. 2305.11 (A) provided (see 140 Ohio Laws, Part I, 505) the following exception to the one-year limitation:

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

In the first issue raised in her assignment of error, appellant claims that this provision was invoked by the following letter:

"Dear Sir:

"Attached are copies of all bills that was [sic] for the treatment for the Staph infection in my right knee. We appreciated your interest in my illness in having your nurse call me several times and requesting that all bills be sent to you.

"This problem all started on July 22, 1984, when I had to go to the emergency room at Trumbull Memorial Hospital and was admitted and confined for three weeks. Then after returning home I had to go back to the Hospital for theraphy [sic] treatment twice a week until November 29, 1984. Durind [sic] this time and until January 15, 198[5], I was on crutches and a walker all this time. My husband had to lose one week of work and the week I came home from the Hospital. I had to have a girl come in once a week for four months to do my housework.

"You will never know the pain and suffering I have gone through the past year. My knee is far from normal and the doctor is in doubt that it ever will be normal again. I had to go back to Dr. Burns again on May 24, 1985, and he said nothing could be done to this knee for at least seven years after having the staph infection. This has also

caused many other problems in my system. I have never had a well day since July 22, 1984.

"We would appreciate hearing from you in [the] near future."

This letter lacks any language which would notify appellee that the Schraders were considering bringing an action against him. The letter merely restates the situation and describes the pain appellant had suffered. It is arguable that appellee knew a lawsuit would follow if he did not reimburse the Schraders for their expenses. But this notice would be due to his understanding of the entire situation, not just the letter.

Prior cases interpreting R.C. 2305.11(A) have held that the written notice must specifically state an action is presently being considered. See, *e.g., Rowe* v. *Bliss* (1980), 68 Ohio App. 2d 247, 22 O.O. 3d 417, 429 N.E. 2d 450. As a matter of law, appellant's letter does not meet the basic requirement. Thus, in relation to this issue, summary judgment was properly granted.

In the second issue in appellant's assignment of error, appellant argues that appellee should have been estopped from pleading the statute of limitations defense. This theory is based primarily upon one statement appellee made to appellant. After appellant rejected his $2,125.48 check, appellee told her that his insurance company would contact her about the situation. Appellant contends that she reasonably relied on this statement in delaying this action.

Under Ohio law, the estoppel doctrine can be employed to prohibit inequitable use of the statute of limitations. *Wright* v. *Lorain* (1942), 70 Ohio App. 337, 342-343, 25 O.O. 89, 92, 46 N.E. 2d 325, 328. The basis for this principle is that "one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause the adversary to subject a claim to the bar of the statute of limitations. * * *" *Markese* v. *Ellis* (1967), 11 Ohio App. 2d 160, 163, 40 O.O. 2d 313, 315, 229 N.E. 2d 70, 72. To invoke this doctrine, the party must show that he reasonably relied upon a misleading statement.

In the present case, the record shows that appellant failed to proffer any evidence showing actual reliance upon appellee's statement. In opposing a motion for summary judgment, the party cannot simply rely on unsubstantiated allegations, but must present evidence pursuant to Civ. R. 56(C) in support of his position. In the absence of any evidence showing actual reliance, summary judgment was also properly granted on this issue.

Under R.C. 2305.11(A) (now [B]), an action for medical malpractice must be initiated within one year after the cause of action accrues. In *Hoffman* v. *Davidson* (1987), 31 Ohio St. 3d 60, 62, 31 OBR 165, 167, 508 N.E. 2d 958, 960-961, the Supreme Court held that a malpractice action under this statute accrues when the resulting physical injury is or should have been discovered.

To establish this date in his motion, appellee cited appellant's deposition, in which she allegedly testified that she knew, as of the end of July 1984, the aspiration had caused the staph infection in her knee. This statement clearly implies she knew of the injury at that time.

However, the record shows that the deposition appellee alluded to was never filed with the trial court. Nor did appellee attach a certificate copy of this deposition to his motion for summary judgment. "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." (Footnote omitted.) *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

In relation to the date the cause of action accrued, appellee failed to present any evidence the trial court could properly consider under Civ. R. 56(C). Thus, summary judgment was erroneously granted, as a material fact was still at issue.

In accordance with the foregoing discussion, the judgment of the trial court is reversed and the case is remanded for further action consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and COOK, J., concur.