KOSA, Appellant,

v.

PRUCHINSKY et al.; Pneumatic Concrete Corporation, Appellee.

[Cite as *Kosa v. Pruchinsky* (1992), 82 Ohio App.3d 649.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005248.

Decided Sept. 30, 1992.

---

*Edward G. Kramer* and *James H. Young*; and *David B. Malik,* for appellant.

*Kenneth J. Knabe*; *Robert G. Hurt*; and *Sean P. Allan,* for defendants and the appellee.

REECE, Judge.

Plaintiff-appellant, Marie Kosa, appeals from a grant of summary judgment dismissing her claims against the defendant-appellee, Pneumatic Concrete Corporation ("Pneumatic"), as being barred by the two-year statute of limitations pursuant to R.C. 2305.10.

This action stems from an automobile accident which occurred on June 27, 1989, in Elyria, Ohio. The accident involved three separate vehicles, one driven by Kosa and the other two by defendants Mark A. Pruchinsky and Lawrence Joppeck. According to the accident report completed by the Elyria Police Department, the truck driven by Pruchinsky was registered to Pneumatic.

On June 25, 1991, Kosa filed a complaint sounding in negligence against Pruchinsky and Joppeck, individually, and against Pneumatic Concrete, Inc. ("Pneumatic Concrete"), in care of its statutory agent. It is undisputed that Pneumatic Concrete, a Tennessee corporation registered in the state of Ohio, is a separate entity from Pneumatic. On July 24, 1991, Kosa amended her complaint substituting Pneumatic as the proper party-defendant.

Pneumatic, asserting the two-year statute of limitations, moved for summary judgment on September 17, 1991. The trial court, on October 25, 1991, granted Pneumatic's motion. This appeal ensued.

Before addressing Kosa's three assignments of error, there is pending before this court Pneumatic's motion to strike certain evidentiary materials included in the appendix of Kosa's brief. These materials include an affidavit by James Young, one of Kosa's attorneys, and correspondence with Pneumatic's insurance carrier. Pursuant to App.R. 12(A), we are confined to reviewing the record as defined by App.R. 9(A). Materials such as those attached to Kosa's appellate brief are not part of the record and will not be considered by this court. See *Lamar v. Marbury* (1982), 69 Ohio St.2d 274, 277, 23 O.O.3d 269, 271, 431 N.E.2d 1028, 1030–1031; *State v. Booher* (1988), 54 Ohio App.3d 1, 15, 560 N.E.2d 786, 799. Therefore, finding Pneumatic's motion to be well taken, the exhibits appended to Kosa's brief are stricken along with any references to them contained in her brief.

### Assignment of Error No. I

"The lower court erred, on the basis of equitable estoppel, in granting summary judgment to Pneumatic Concrete Corp."

In its motion for summary judgment, Pneumatic asserted that it is a separate and distinct corporate entity from Pneumatic Concrete. It supported this claim with a certified copy of Pneumatic Concrete's registration with the

Ohio Secretary of State and the affidavit of David Alban, Pneumatic Concrete's statutory agent. Pneumatic also attached to the motion the affidavit of Charles C. Torie, vice-president of Adience, Inc. ("Adience"), a Delaware corporation. Torie stated that in October 1985 Pneumatic was merged with BMI, a Pennsylvania corporation, which was then merged into Adience. Based on these exhibits, and Kosa's original and amended complaints, Pneumatic argues that it was not made a defendant to the action until July 24, 1991. Therefore, this date being more than two years after the accident, the suit against Pneumatic is barred by R.C. 2305.10.

On appeal Kosa contends that Pneumatic should be estopped from asserting the statute of limitations. In response, Pneumatic claims, and the record confirms, that Kosa, in this appeal, is raising the doctrine of equitable estoppel for the first time. Pneumatic argues that because this claim was not raised in the trial court, the issue of estoppel is not properly before this court. *Williams v. Jerry L. Kaltenbach Ent., Inc.* (1981), 2 Ohio App.3d 113, 115, 2 OBR 126, 128, 440 N.E.2d 1219, 1221–1222; *Shibley v. Time, Inc.* (1975), 45 Ohio App.2d 69, 75, 74 O.O.2d 101, 104, 341 N.E.2d 337, 340–341. However, even accepting Kosa's assertion that the overall gist of her response to Pneumatic's motion for summary judgment raised estoppel, this assignment of error is without merit.

The purpose of the doctrine of equitable estoppel is to avoid unjust results which are "contrary to good conscience and fair dealing." *Markese v. Ellis* (1967), 11 Ohio App.2d 160, 163, 40 O.O.2d 313, 315, 229 N.E.2d 70, 73. While courts have discerned other elements in the application of equitable estoppel, the primary focus is on the *conduct* of the party against whom the estoppel is asserted and the *reasonable reliance* of the party asserting it. "Equitable estoppel precludes a party from asserting certain facts where the party, *by his conduct,* has induced another to change his position in good faith reliance upon that conduct. * * *" (Emphasis added.) *State ex rel. Cities Serv. Oil Co. v. Orteca* (1980), 63 Ohio St.2d 295, 299, 17 O.O.3d 189, 191, 409 N.E.2d 1018, 1020–1021. See, also, *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 632–633.

In the present case we fail to find any conduct by any officer or agent of Pneumatic which reasonably induced or misled Kosa, thereby resulting in her failure to name Pneumatic as a defendant in her original complaint. In her response to Pneumatic's motion for summary judgment Kosa attached only the affidavit of her attorney, David V. Malik. Malik stated that, based on his own search, Pneumatic was neither listed in the phone book, directory assistance, nor registered as a foreign corporation with the Ohio Secretary of State. Even accepting these facts to be true, as required by Civ.R. 56(C),

there is simply no conduct by any officer or agent of Pneumatic which reasonably induced Kosa into believing that Pneumatic and Pneumatic Concrete were the same corporation. From the record the only contact between Kosa and anyone affiliated with Pneumatic occurred with Pruchinsky on the day of the accident. While the accident report lists Pneumatic as the owner of truck driven by Pruchinsky, the report correctly lists the address and phone number for BMI, the corporation into which Pneumatic was merged. Kosa advances no explanation why this address and phone number were not used to correctly identify Pneumatic.

Civ.R. 56(E) requires the party responding to a motion for summary judgment to set forth "specific facts showing that there is a genuine issue for trial." See *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274. Kosa failed to set forth any facts tending to show some conduct by Pneumatic which would reasonably have caused her failure to correctly identify the proper defendant. Accordingly, construing the facts in her favor, as a matter of law Kosa's estoppel claim must fail. *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 88, 585 N.E.2d 384, 389; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

This assignment of error is overruled.

### Assignment of Error No. II

"Because the requirements of Civil Rule 15(C) are satisfied, the lower court erred in granting summary judgment."

Contrary to Pneumatic's assertion, Civ.R. 15(C) does permit, after the running of the limitation period, the addition of a new party to a complaint. See 3 Moore, Federal Practice (1991), Paragraph 15.15[4.–2], at 15–163 to 15–164. However, once the statute of limitations has run, three requirements must be satisfied before the addition of a new party-defendant will relate back to the date the original complaint was filed. The purpose of these requirements is to ensure that the newly added party is not unduly prejudiced. The party claiming the benefit of Civ.R. 15(C) must show:

" ' * * * (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been

brought against him. * * * ' " *Weaver v. Donnerberg* (1985), 26 Ohio App.3d 112, 115, 26 OBR 323, 325–326, 498 N.E.2d 496, 499. See, generally, 3 Moore, *supra*, Paragraph 15.15[4], at 150–156 *et seq.*

In the present case, Kosa sought only to add Pneumatic as the correct defendant, making no changes to the body of her complaint. Therefore, there is no question that the first of these three requirements is satisfied.

As to the second and third requirements, the record is devoid of any evidence that Pneumatic, prior to the expiration of the statute of limitations, either knew or should have known that a lawsuit was being brought against it. Kosa argues that knowledge of the original complaint should be imputed to Pneumatic based on the service of the complaint to Pruchinsky as a employee of Pneumatic. This argument is without merit.

Under Civ.R. 4.2(6) service of process shall be made as follows:

"Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation[.]"

First, Pruchinsky was served, not as an agent or representative of Pneumatic, but individually as a separate defendant. Second, there is no evidence that Pruchinsky, at the time of service, almost two years after the accident, was still a Pneumatic employee. Third, service was made to Pruchinsky's residence, not to Pneumatic's usual place of business as noted on the accident report. Under these circumstances we cannot, based upon service of the complaint on Pruchinsky, impute to Pneumatic any knowledge of the lawsuit.

Having failed to satisfy the requirements of Civ.R. 15(C), the addition of Pneumatic as a defendant, after the expiration of the limitation period, did not relate back to the date Kosa's original complaint was filed.

This assignment of error is overruled.

### Assignment of Error No. III

"Service of process was completed within the one year of filing the complaint as required by Civil Rule 3(A)."

Kosa argues that Civ.R. 3(A) allows her to amend her complaint within one year from its filing. Civ.R. 3(A) provides that:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to

Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."

 Civ.R. 3(A) sets forth two requirements for instituting a lawsuit. First, a complaint must be filed, and second, service must be completed within one year from the filing. See Staff Note to Civ.R. 3(A). As amended in 1986 the rule must now be read *in pari materia* with Civ.R. 15(C) and (D). *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 59, 537 N.E.2d 208, 210.

 Accordingly, a plaintiff may, within one year of the filing of his complaint, amend the complaint to name the correct defendant pursuant to Civ.R. 15(C) or (D). Such an amended complaint must still be served on the correctly identified defendant within one year of the original filing. When these conditions are satisfied, the lawsuit shall proceed even when any applicable period of limitation has expired between the filing of the complaint and actual service on the defendant.

In this case we have already reviewed the requirements of Civ.R. 15(C) and found that they are not satisfied in this case. Therefore, even though service of the amended complaint was made on Pneumatic within one year of the original filing date, such service does not relate back.

This assignment of error is overruled.

Having overruled all of Kosa's assigned errors, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.