PAYTON, Appellant,

v.

REHBERG et al., Appellees.

[Cite as *Payton v. Rehberg* (1997), 119 Ohio App.3d 183.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70964.

Decided April 14, 1997.

184

*Daniel C. Turoff,* for appellant.

*Reminger & Reminger Co., L.P.A., Frank Leonetti* and *Brian D. Sullivan,* for appellees Robert J. Rehberg and Boulevard Sales & Services.

*William S. Derkin,* for appellee Larry E. Curry, Jr.

---

JAMES M. PORTER, Presiding Judge.

Plaintiff-appellant Myrtle Payton appeals from a judgment of the trial court in favor of defendants-appellees Robert J. Rehberg and Boulevard Sales & Services dismissing plaintiff's refiled action for personal injuries because it was barred by the two-year statute of limitations and holding that the savings statute did not apply. Plaintiff contends that the motion to dismiss was improperly granted and that the defendants were barred by equitable estoppel from raising the statute of limitations. We find no error and affirm for the reasons hereinafter stated.

Plaintiff's claim arose from injuries she allegedly sustained in an automobile accident which occurred on April 7, 1990. At that time, plaintiff was a passenger in an automobile operated by Larry Curry, whose vehicle collided with the vehicle operated by Rehberg. Boulevard Sales & Services owned the vehicle that defendant Rehberg was operating at the time of the collision.

On February 25, 1992, plaintiff first commenced an action for personal injuries against Rehberg and Boulevard Sales and Services (C.P. case No. 227674). On April 27, 1992, defendants Rehberg and Boulevard Sales filed a third-party complaint against Larry Curry. They alleged that, to the extent that they were liable to plaintiff for her injuries, they were entitled to contribution from Curry as a joint tortfeasor pursuant to R.C. 2307.31 and 2307.32. On May 10, 1993, the motion to withdraw by plaintiff's original attorney, Seymour Brown, was granted. The record reflects that plaintiff was not represented by counsel from May 10 to September 9, 1993.

On September 9, 1993, attorney Mitchell Weisman submitted on plaintiff's behalf a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), "said dismissal being without prejudice and reserving the right to refile." A docket entry of September 10, 1993 reflects the dismissal. The court acknowledged the entry of plaintiff's notice of voluntary dismissal on December 13, 1993. Apparently, attempts to settle the claim were subsequently unsuccessful, although plaintiff supplied requested medical information to defense counsel.

On October 28, 1994, plaintiff refiled her action, the subject of the instant appeal. She named Rehberg, Boulevard Sales & Services, and Curry as defendants. Defendants Rehberg and Boulevard Sales filed a motion to dismiss plaintiff's refiled complaint on the basis that, pursuant to the savings statute

(R.C. 2305.19), plaintiff was required to refile her action by September 10, 1994, within a year following her voluntary dismissal.

On June 27, 1995, the trial court granted defendants Rehberg's and Boulevard Sales' motion to dismiss. Thereafter, the dismissal was vacated in order to permit plaintiff additional time to respond to the argument that the court lacked jurisdiction over the refiled action. Plaintiff filed materials in opposition to the motion. By entry filed November 1, 1995, the court again dismissed plaintiff's claims against Rehberg and Boulevard Sales. The claim against Curry remained. On June 17, 1996, the trial court granted summary judgment to the remaining defendant Curry. On July 16, 1996, plaintiff filed a timely notice of appeal.

Plaintiff's two assignments of error will be addressed together as they both relate to the timely refiling of her action:

"I. The court erred in granting the joint motion to dismiss of appellees Robert J. Rehberg and Boulevard Sales and Service.

"II. The court erred in granting the motion to dismiss of appellee Larry E. Curry, Jr."

As a threshold issue, plaintiff argues that the trial court considered matters outside the pleadings so that dismissal of Rehberg and Boulevard Sales must be addressed as a summary judgment decision. We agree. Notwithstanding the caption of plaintiff's Assignment of Error II, we will also address the summary judgment entered by the trial court in favor of Curry.

Under Civ.R. 56, summary judgment is proper when:

"(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141.

However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd.*

*of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; *Celotex, supra,* 477 U.S. at 322–323, 106 S.Ct. at 2552–2553, 91 L.Ed.2d at 273–274. In accordance with Civ.R. 56(E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515.

■ In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court of Ohio modified the summary judgment standard as was applied under *Wing,* 59 Ohio St.3d 108, 570 N.E.2d 1095. Presently, under the new standard, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher,* at 296, 662 N.E.2d at 276.

This court reviews the lower court's granting of summary judgment *de novo. Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157 ("We review the judgment independently and without deference to the trial court's determination."). An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24, 26; *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1144.

■ Plaintiff argues that defendants should be precluded from raising the defense of the statute of limitations because their defense counsel "agreed to negotiate in good faith a settlement of [plaintiff's] claim without requiring refiling of the lawsuit." Plaintiff relied upon her attorney's affidavit wherein he indicated delay in refiling plaintiff's suit because defense counsel agreed to negotiate in good faith to reach a settlement of plaintiff's claims once he received and evaluated all medical records from the various doctors and hospitals where plaintiff was treated.

Plaintiff has relied upon *Kosa v. Pruchinsky* (1992), 82 Ohio App.3d 649, 612 N.E.2d 1291, for the proposition that the doctrine of equitable estoppel operates to preclude a defendant from using the statute of limitations as a defense to a claim when defendant's conduct induced the delay in filing the action. However, the court in *Kosa* determined that there was no evidence that the defendants' conduct induced plaintiffs to change their position:

"The purpose of the doctrine of equitable estoppel is to avoid unjust results which are 'contrary to good conscience and fair dealing.' *Markese v. Ellis* (1967),

11 Ohio App.2d 160, 163, 40 O.O.2d 313, 315, 229 N.E.2d 70, 73.   While courts have discerned other elements in the application of equitable estoppel, the primary focus is on the conduct of the party against whom the estoppel is asserted and the reasonable reliance of the party asserting it.   'Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct.  * * *' * * * In the present case we fail to find any conduct by any officer or agent of Pneumatic which reasonably induced or misled Kosa. * * * " *Id.* at 652, 612 N.E.2d at 1293.

█   In *Markese v. Ellis* (1967), 11 Ohio App.2d 160, 40 O.O.2d 313, 229 N.E.2d 70, syllabus, the court of appeals held that the doctrine of equitable estoppel does not preclude a defendant from asserting a statute of limitations defense unless the evidence demonstrates some fraud, misrepresentation, or false statement by the defendant:

█   "[A]n estoppel to the operation of a statute of limitations does not arise in an action for damages through personal injury when the facts show:  (1) no fiduciary or trust relationship between the parties;  (2) no fraud, misrepresentation or false statement by defendant;  (3) no concealment of material facts;  (4) no request by the defendant to withhold legal action pending negotiations for settlement;  (5) no promise or agreement of the defendant not to plead the statute of limitations;  (6) no promise by the defendant to pay the plaintiff's damages;  (7) no conduct of the defendant showing, or tending to show, that plaintiff was induced by the defendant's promises and conduct to believe that he did not need an attorney, or that he refrained from conferring with counsel and was kept from bringing an action within the two-year limitation because of the defendant's inducement."

In *Markese,* the plaintiff was injured in an automobile collision.   The defendant's insurance company called upon her on numerous occasions to discuss the terms of a settlement.   In several of the discussions, the insurance company promised to take care of the plaintiff's actual expenses.   Numerous contacts were had between the plaintiff and the insurance company, but the parties failed to reach an agreement regarding settlement.   The court observed that the discussions between the parties related to the plaintiff's expenses, and the insurance company's promise that it would compensate her for those expenses if an agreement could be reached.   The plaintiff commenced a lawsuit against the defendant and his insurance company after the applicable statute of limitations had run, and the trial court dismissed the action.   The court of appeals affirmed the dismissal, and concluded that there was no evidence of conduct justifying a preclusion on the part of the defendants from raising the statute of limitations argument:

"There is no evidence that the defendants misrepresented their position, or that they mislead the plaintiff in any way; there is nothing that indicates in the negotiations for settlement that the agents for the insurance company endeavored to delay a settlement to the end that the plaintiff would abstain from employing legal counsel, or from commencing a suit within the statutory period; there is nothing to show that the plaintiff relied on statements of the defendant Hartford, which influenced her failure to bring suit within the statutory time." *Id.*, 11 Ohio App.2d at 163, 40 O.O.2d at 315, 229 N.E.2d at 73.

A case closer to the facts of the instant case is *Tabler v. Miller* (Dec. 4, 1990), Gallia App. No. 89 CA 27, unreported, 1990 WL 193594, where plaintiff contended that the defendant insurance company's continued request for medical documents and proof of lost wages constituted a waiver of the statute of limitations. The court of appeals held otherwise and affirmed summary judgment for the defendant, stating:

"While the circumstances of the accident do not appear in the record, it seems that liability was not much of an issue and that most of the discussions dealt with the extent of damages. The first adjustor contacted Tabler's attorney several times in 1987 seeking medical bills, etc. The second adjustor contacted counsel seeking to know the current status twice in 1988. Nationwide did pay the property damage claim. Appellant argues that these facts, among others, could be the basis on which a jury of reasonable people might find estoppel against the insurance company.

"We do not agree. There is no allegation that appellants were induced to change their position; no allegation that the suit was not filed on time because of any act or suggestion by appellee. Construing the evidentiary matters most strongly in favor of appellant, one could only conclude that Nationwide indicated that it would probably pay the claim, but that it thought that amount claimed was excessive. There is absolutely nothing in the record to show why counsel did not file on time, only that there were negotiations during the two year period.

"Appellant argues that Nationwide's 'persistent' requests for documentation on medical bills and lost wages constituted a waiver of the statute of limitation on which they could rely. We do not find that a jury could reasonably so construe such conduct as a waiver. Indeed we are loathe to establish a rule which holds that an attempt by an insurer to get documentation on a claim might constitute an admission of liability or that a claimant may rely on this conduct alone to presume the insurance company will not assert all available defenses.

"Finally, there was no misrepresentation as to when the statute of limitations would run, or misapprehension that it would run. In short, from this whole record one could only conclude that trial counsel negligently let the statute of limitations run." *Id.* at 1–2.

Construing the evidence most strongly in favor of plaintiff herein, there is no evidence that defendants' conduct caused plaintiff to reasonably and justifiably fail to timely refile her lawsuit. Assuming that defense counsel indicated that defendants would be willing to negotiate a resolution of plaintiff's claim once all her medical bills were received, plaintiff, as a matter of law, would not be justified in reasonably relying on those representations in not refiling her complaint before the statute of limitations had run, or, as in this case, the savings statute had expired. *Schrader v. Gillette* (1988), 48 Ohio App.3d 181, 183, 549 N.E.2d 218, 221 ("to invoke this doctrine, the party must show that he reasonably relied upon a misleading statement"); *Chesler v. Gigliotti* (Feb. 27, 1997), Cuyahoga App. No. 71125, unreported, at 6, 1997 WL 82850.

Plaintiff also argues that the Civ.R. 41(A)(1)(a) notice of dismissal filed by attorney Weisman on her behalf should be construed as a dismissal pursuant to Civ.R. 41(A)(2) because she claims she never retained him and he never entered an appearance pursuant to Loc.R. 10. Plaintiff argues that since he was not retained and did not enter an appearance, he was not authorized to dismiss the case under Civ.R. 41(A)(1)(a). However, Loc.R. 10 of the Cuyahoga County Common Pleas Rules provides:

"All entries of appearance of counsel in any action shall be in writing. In civil cases, entry of appearance by counsel may be effected by signature of counsel on a pleading, motion or letter to the court." See, also, *Walling v. Watkins* (Sept. 26, 1991), Cuyahoga App. No. 59167, unreported, at 6, 1991 WL 191847; *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 666, 657 N.E.2d 820, 823–824.

■ Therefore, the submission of a notice of voluntary dismissal complied with the appearance requirements of Loc.R. 10. As such, plaintiff's argument that the attorney who filed the notice of voluntary dismissal on her behalf lacked the authority to do so is without merit. It is essential to the effective operation of the legal system that the courts be entitled to rely on the signature of counsel as evidence of implied authority. *State ex rel. Juergens v. Indus. Comm.* (1934), 127 Ohio St. 524, 527, 189 N.E. 445, 446 ("It is well established * * * that the appearance of a regularly admitted attorney at law is presumptive evidence of his authority to represent the person for whom he appears."); *Dunaway v. Torline* (1951), 90 Ohio App. 516, 518, 46 O.O. 428, 429, 105 N.E.2d 75, 76–77 (presumption is that attorney who signed the petition was duly authorized by appellant); *Cook v. Jeffries* (June 29, 1987), Clermont App. No. CA86–05–035, unreported, at 2, 1987 WL 13710 (where a motion was signed by a duly licensed attorney-at-law as appellant's attorney, the presumption is that the motion was authorized by appellant).

Plaintiff also argues that the filing of her notice of voluntary dismissal in the original action did not automatically terminate the action because defendants Rehberg and Boulevard Sales still had a third-party complaint pending against Curry. Thus, she argues that the savings statute began to run when the court entered a final order disposing of the entire matter on December 13, 1993, not September 10, 1993, when the voluntary dismissal was filed.

Plaintiff's voluntary dismissal of the original action was governed by Civ.R. 41(A)(1), which provides:

"[A]n action may be dismissed by the plaintiff without order of the court (a) by filing a notice of dismissal at any time before the commencement of trial * * *."

In *Gardner v. Gleydura* (1994), 98 Ohio App.3d 277, 648 N.E.2d 537, this court determined that a notice of voluntary dismissal becomes effective upon the filing of the notice, requires no further action by the court, and the one-year savings statute commences to run:

· "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a 'failure otherwise than upon the merits' within the meaning of R.C. 2305.19, the savings statute. Thus, where the voluntary dismissal has occurred after the statute of limitations has expired, the savings statute permits the plaintiff to refile the action within one year of the filing of the notice of dismissal * * *.

"Upon the filing of this document, no further action was required by the trial court. Accordingly, the trial court's half-sheet judgment entry in this matter merely reiterated that the matter had been voluntarily dismissed and did not effectively terminate the original action. Plaintiffs were therefore required to refile the instant action within one year of the date of which they voluntarily dismissed their original action against defendants, and plaintiffs could not wait until one year of the date on which the court's half-sheet entry was journalized." *Id.* at 279, 648 N.E.2d at 538–539.

Civ.R. 41(A)(1) contemplates unilateral action on the part of a plaintiff. *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 240–241, 475 N.E.2d 183, 184–185. Dismissals pursuant to Civ.R. 41(A)(1) are fully and completely effectuated upon filing of the notice of voluntary dismissal by the plaintiff. In other words, the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court. No court approval is necessary. *Perdue v. Handelman* (1980), 68 Ohio App.2d 240, 22 O.O.3d 398, 429 N.E.2d 165. See, also, *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 126, 647 N.E.2d 1361, 1363 ("Under Civ.R. 41[A][1], a plaintiff may dismiss an action without order of the court * * *."); *Andrews v. Sajar Plastics, Inc.* (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854, 857 ("A Civ.R. 41[A][1][a] dismissal is self-executing and gives a plaintiff an absolute right to

terminate his or her cause of action voluntarily and unilaterally at any time prior to commencement of trial without order of the court * * *."); *Standard Oil v. Grice* (1975), 46 Ohio App.2d 97, 101, 75 O.O.2d 81, 82, 345 N.E.2d 458, 461 ("Either party [has] an absolute right, regardless of motives, to voluntarily terminate its cause of action * * *.").

Plaintiff is conclusively presumed to be aware of the requirements of the rules under which she chose to proceed. She voluntarily elected to dismiss her original action against defendants pursuant to Civ.R. 41(A)(1) on September 9, 1993, after the applicable statute of limitations had expired. The two-year period of limitations applicable to plaintiff's claim against defendants for bodily injuries is contained within R.C. 2305.10.

R.C. 2305.19 provides that an action can be recommenced within one year if a plaintiff fails otherwise than on the merits after the applicable statute of limitations has run:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

In this case, plaintiff "failed otherwise than on the merits" when she submitted her notice of voluntary dismissal. The pendency of the third-party complaint against Curry in no way affected the dismissal of her claims. Indeed, the claim for contribution or indemnity against Curry became moot once the underlying claim was dismissed. *Wise v. Gursky* (1981), 66 Ohio St.2d 241, 243, 20 O.O.3d 233, 234–235, 421 N.E.2d 150, 151–152; *Ford Motor Credit Co. v. Landmark Air Fund* (1983), 12 Ohio App.3d 117, 118, 12 OBR 436, 437–439, 467 N.E.2d 573, 575. Therefore, plaintiff was required to refile her complaint within one year of the dismissal, to wit, on September 10, 1994. As previously indicated, however, plaintiff did not refile her complaint until October 28, 1994 and did not come within the protective mantle of the savings statute. Accordingly, the trial court properly granted summary judgment as to all the defendants.

We find no merit to plaintiff's claim that the defendants waived the statute of limitations defense, as this defense was raised as an affirmative defense in the defendants' joint answer pursuant to Civ.R. 8(C). *Mills v. Trucking Co.* (1974), 40 Ohio St.2d 55, 59, 69 O.O.2d 350, 352, 320 N.E.2d 668, 671; *Mossa v. W. Credit Union, Inc.* (1992), 84 Ohio App.3d 177, 180, 616 N.E.2d 571, 573–574; *Spies v. Gibson* (1982), 8 Ohio App.3d 213, 216, 8 OBR 285, 287–288, 456 N.E.2d 1284, 1286–1287.

Assignments of Error I and II are overruled.

The judgment is affirmed.

*Judgment affirmed.*

O'DONNELL and ROCCO, JJ., concur.