ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This appeal is dismissed for lack of a final appealable order.
{¶ 2} A review of the record reveals that Plaintiffs' claims against Defendants Kenneth Ippolito and Julian Vanni remain pending. The trial court purported to dismiss these claims in the journal entry dated September 6, 2001, which states:
 {¶ 3} Pursuant to telephone notice from order.{¶ 2 counsel for Michael Murphy et al (Harold Pollock), Plaintiffs' claims have been settled and dismissed with prejudice, subject to a more definitive entry to be filed within two weeks. (Emphasis added.)
{¶ 4} Here, however, Plaintiffs failed to file a written notice of dismissal as is required by Civ.R. 41(A)(1).[1] That rule does not recognize oral or telephonic notices; rather, the plaintiff must "file" his notice of dismissal. See Douthitt v. Garrison (1981),3 Ohio App.3d 254, 444 N.E.2d 1068.
{¶ 5} Further, the September 6, 2001 entry by the court is a nullity. It is well established that Civ.R. 41(A)(1) contemplates unilateral action on the part of a plaintiff without intervention by the court, that a voluntary dismissal is self-executing, and that an order by the court purporting to dismiss a claim pursuant to that rule is a nullity. See Payton v. Rehberg (1997), 119 Ohio App.3d 183, 192,694 N.E.2d 1379.
{¶ 6} The record on appeal does not contain a written dismissal of Defendants Ippolito and Vanni filed by the Plaintiffs, as contemplated by the trial court in its September 6, 2001 order when it referenced "a more definitive entry to be filed within two weeks." As such, Plaintiffs' claims against these Defendants remain pending, and we are constrained to dismiss this appeal for lack of a final appealable order.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] We note that Civ.R. 41(A)(2), dismissal by order of the court, is not applicable here because that rule favors dismissal without prejudice, and further provides for dismissal "upon such terms and conditions as the court deems proper." In this case, the entry purported to dismiss the case with prejudice, and "subject to a more definitive entry to be filed within two weeks." Neither Plaintiffs nor the court filed that more definitive entry as set forth as a term and condition of the court's September 6, 2001 order.