[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Plaintiff, Pullman Products Corporation ("Pullman"), appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants, Adience, Inc. ("Adience") and National Union Fire Insurance ("National Union").
 {¶ 2} We glean the rather unusual procedural history of this case from the scant record that is presently before us. In June 1993, American Electric Power ("AEP") hired Pullman as a general contractor on a construction project in Cheshire, Ohio. In August 1993, Pullman subcontracted a portion of the construction project to BMI, a division of defendant Adience. Under the subcontract agreement, BMI purportedly agreed to obtain insurance with certain minimum limits of liability covering workers' compensation, comprehensive general liability and comprehensive automobile liability. In addition, BMI allegedly agreed that both AEP and Pullman would be added to the insurance policy as additional named insureds. BMI purportedly represented to Pullman that it had fulfilled this obligation by obtaining a policy of insurance with National Union in which AEP and Pullman were named as additional insureds. Under the subcontract agreement, BMI also allegedly agreed to defend and indemnify Pullman and AEP in the event of loss arising from injuries sustained by any person arising out of work performed as part of the AEP construction project.
 {¶ 3} In November 1993, an employee of BMI sustained serious injuries while working on the AEP construction project. In November 1994, the employee and his wife filed a lawsuit against, among others, AEP, Pullman and BMI. Pullman requested that BMI and National Union agree to defend and indemnify it, as well as AEP, pursuant to the terms and conditions of the subcontract. BMI and National Union refused. Thereafter, in December 1997, Pullman sued BMI and National Union for breach of contract. BMI filed a counterclaim against Pullman for breach of contract. That case was docketed as case No. 97CVH-09-8684.
 {¶ 4} Pullman, BMI and National Union filed cross-motions for summary judgment on all claims. Thereafter, Pullman filed a motion to amend its complaint to add a cause of action for fraud. The trial court issued a decision on September 17, 1999, in which it denied Pullman's motion for leave to amend, denied Pullman's motion for summary judgment, granted National Union's motion for summary judgment, granted BMI's motion for summary judgment on Pullman's complaint, and denied BMI's motion for summary judgment on its counterclaim. However, no entry was filed journalizing the court's decision.
 {¶ 5} In March 2000, the parties filed a stipulated dismissal pursuant to Civ. R. 41(A). Pullman refiled its cause of action in March 2001. That case was docketed as case No. 01CVH-03-2345. National Union and BMI both filed answers, and BMI filed a counterclaim. Thereafter, BMI and National Union moved for judgment on the pleadings, arguing that the trial court's September 17, 1999 decision rendered in case No. 97CVH-09-8684 was binding upon Pullman in case No. 01CVH-03-2345 pursuant to the "law of the case doctrine." Pullman filed a memorandum contra averring that it did not object to the court's September 17, 1999 decision in case No. 97CVH-09-8684 being given full force and effect in case No. 01CVH-03-2345 and requesting that the decision be deemed a final appealable order.
 {¶ 6} By judgment entry filed April 2, 2002, the trial court issued the following order, which stated, in pertinent part:
 {¶ 7} "Defendants have no objections to the Court issuing a Final Appealable Order on its September 17, 1999 Decision. Therefore, by order of this Court, the Court's September 17, 1999 Decision is hereby incorporated into the refiled case and is deemed a Final Appealable Order. Defendants' counter-claim is dismissed without prejudice and may be reasserted if the case is reversed by the Court of Appeals and remanded to the Trial Court. There is no just reason for delay."
 {¶ 8} Plaintiff filed a timely notice of appeal from the trial court's April 2, 2002 judgment and sets forth the following four assignments of error:
 {¶ 9} "I. The trial court erred when it held that Pullman Power was not damaged when appellee BMI breached the terms and conditions of the subcontract and failed to have Pullman Power named as an additional named insured on its policy of insurance.
 {¶ 10} "II. The trial court erred in finding that the appellee BMI had no duty to indenify [sic] Pullman Power under the terms and conditions of the subcontract entered into between the parties.
 {¶ 11} "III. The trial court erred in finding that appellee BMI had no duty to defend Pullman Power under the terms and conditions of the subcontract entered into between the parties.
 {¶ 12} "IV. The trial court erred in granting summary judgment to appellee National Union before there was ever a determination as to whether Johnson Higgins was acting as an insurance agent or broker."
 {¶ 13} By its assignments of error, Pullman alleges that the trial court erred in granting summary judgment for BMI and National Union. In Pullman's attempt to prepare the record in case No. 01CVH-03-2345, however, it has failed to include any part of the record from case No. 97CVH-09-8684, the case in which summary judgment was originally rendered.
 {¶ 14} An appellant must "* * * identify in the record the error on which the assignment of error is based * * *." App. R. 12(A)(2); Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. An appellant bears the burden of ensuring that a reviewing court has all the materials necessary to enable it to review the trial court's determination, which, in this case, would require a review of the parties' motions for summary judgment. See App. R. 9 and 10; Ham v. Park (1996), 110 Ohio App.3d 803,809; Hildebrecht v. Kallay (June 11, 1993), Lake App. No. 92-L-189. "When portions of the [record] necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, supra.[1]
 {¶ 15} In the instant case, Pullman has failed to provide this court with an adequate record to determine the merits of its appeal. In the absence of an adequate record, this court must presume the regularity of the trial court's actions and affirm the judgment.
 {¶ 16} For the foregoing reasons, all four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and BROWN, JJ., concur.
[1] We note that Pullman has attached several documents to its appellate brief and references those documents throughout its brief. However, pursuant to App. R. 12(A), this court is confined to reviewing the record as defined by App. R. 9(A). Kosa v. Pruchinsky (1992),82 Ohio App.3d 649, 651. App. R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court * * *." (Emphasis added.) "Materials * * * attached to [an appellate brief] are not part of the record and will not be considered by this court." Kosa, supra.