**DeVITO, Appellant,**

**v.**

**GOLLINGER, Appellee.**

[Cite as *DeVito v. Gollinger* (1999), 133 Ohio App.3d 51.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75257.

Decided April 8, 1999.

*Morganstern, Macadams & DeVito* and *Christopher M. DeVito,* for appellant.

*Davis & Young* and *David J. Fagnilli; William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Michael P. Donnelly,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*

This matter comes before this court on the accelerated docket; therefore, pursuant to App.R. 11.1 and Loc.R. 25, this court may state the reasons for its decision in brief and conclusory form.

In the 1997 election for Ward 3 Council representative in Rocky River, Ohio, appellant Maureen DeVito challenged the incumbent, appellee Frank Gollinger. Following a primary election among three candidates held on September 30, 1997, appellant and appellee were selected to run in the general election.

Prior to the election, appellee spoke with Donald Ladwig, a reporter for the *Sun Herald* newspaper. Following the interview, Ladwig published an article entitled "Party Alignment at Issue in Ward 3," which included the following statements about appellant that Ladwig attributed to appellee:

"I find it reprehensible that someone running is deceiving the electorate. She has no work experience; no involvement in the city itself. She didn't even know there was a strong mayoral form of government. At the polling places, she said the only way to win in River was to run as a Republican."

Following the publication of the article, appellant's attorney wrote a letter to appellee. Appellant's attorney stated his belief that appellee had committed defamation, both oral and written, of appellant. The letter also stated that appellant would refrain from filing a lawsuit if appellee were to print a full-page advertisement retracting his statements and apologizing for his actions. Appellee did not print the advertisement as requested but did write a letter to the newspaper in which he stated:

"To correct my reported position as to the qualifications of my opponent, my comments were that in my opinion there was no demonstrated business experience as reported in the *Sun Herald* September 18, 1997 edition, which would enhance council activities and in fact, this mirrored my campaign literature which was distributed prior to the Primary Election in which I indicated a question mark for that category. My literature did not state 'no work experience' as your article stated. In terms of Community Service, I was very specific as to Rocky River Community Service. I have not questioned my opponents [*sic*] service rendered outside our city, additional service which I have also supported and continue to support to this day as indicated in my campaign literature."[1]

Appellant filed a complaint in the Cuyahoga County Court of Common Pleas on October 27, 1997, alleging defamation, in the form of both libel and slander, and intentional infliction of emotional distress against appellee.[2] Appellee filed a motion for summary judgment, which was granted by the trial court. Appellant timely filed her notice of appeal.

Appellant's sole assignment of error alleges:

"The trial court erred by granting appellee's motion for summary judgment when there existed genuine issues of material fact."

Appellant argues that the trial court incorrectly granted appellee's motion for summary judgment because appellee's comments were factual in nature and, thus, did not constitute opinions and because appellee acted with actual malice.

Our standard of review on a motion for summary judgment is *de novo*. *Gibson v. State Farm Mut. Auto. Ins. Co.* (1997), 123 Ohio App.3d 216, 220, 704 N.E.2d 1, 3–4, citing *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

Before summary judgment can be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *Welco Indus., Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1131–1132, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. Summary judgments

---

1. Although the letter was not published, a subsequent article in the *Sun Herald* quoted relevant portions of appellee's letter prior to the general election.

2. Appellant subsequently filed an amended complaint adding as an additional defendant Comcorp, d.b.a. *The Sun Newspapers*. This defendant was thereafter dismissed with prejudice and is not a party to this appeal.

should be awarded with caution; courts must be careful to resolve doubts and construe evidence in favor of the nonmoving party. *Welco,* citing *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138. A reviewing court will review a ruling on a motion for summary judgment *de novo. Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 187, 694 N.E.2d 1379, 1382, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158.

The statements that appellant alleges comprise defamation are (1) "At this time, the only reason of which I am aware for my challengers creating this necessity is their 'interest in getting involved' "; (2) "I find it reprehensible that someone running is deceiving the electorate"; (3) "She has no work experience"; (4) "She has * * * no involvement in the city itself"; (5) "She didn't even know there was a strong mayoral form of government"; and (6) "At the polling places, she said the only way to win in River was to run as a Republican." Additionally, appellant maintains that appellee's campaign literature is false in its comparison of the candidates' qualifications. Under the category of "Business Experience" for appellant, the pamphlet reads "?" and under the heading of "Rocky River Community Service" the pamphlet reads "0 years."

■ The Ohio Supreme Court has noted that expressions of opinion are protected under Section 11, Article I of the Ohio Constitution, which provides: "Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press." *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182, 184. The proper test to be applied when determining whether speech is protected opinion is the "totality of the circumstances" test.

"Specifically, the court should consider: the specific language used, whether the statement is verifiable, the general context of the statement, and finally, the broader context in which the statement appeared.

" * * * *

■ "Furthermore, the standard must be fluid. Every case will present facts that must be analyzed in the context of the general test. Each of the four factors should be addressed, but the weight given to any one will conceivably vary depending on the circumstances presented." *Vail* at 282, 649 N.E.2d at 185, citing, with approval, *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 250, 25 OBR 302, 307–308, 496 N.E.2d 699, 705–706.

The plaintiff in *Vail* was a candidate for the Ohio Senate at the time the defendant published an article about her. The article appeared in the Forum section of the newspaper and was captioned "Commentary." The court determined that the general context of the article was opinion and that the general

tenor of the article was sarcastic, thus "more typical of persuasive speech than factual reporting." *Vail* at 282, 649 N.E.2d at 186. Additionally, the specific language used in the article would be understood to be "one person's attempt to persuade public opinion." *Vail* at 283, 649 N.E.2d at 186. And finally, the court noted that the statements were not verifiable. *Id.*

The court concluded in *Vail* that the newspaper's column constituted an opinion and, thus, was constitutionally protected. Although the statements made in the newspaper in the matter *sub judice* were those of appellee and not those of the newspaper's columnist as in *Vail,* the "totality of the circumstances" test announced in *Scott* and approved in *Vail* addresses the court's need to determine when speech is protected opinion and is thus equally applicable to the within facts.

First, the specific language used by appellee must be examined. The first two statements complained of by appellant are worded as opinions. Additionally, the "?" regarding business experience on appellee's campaign literature is too vague to be actionable. Thus, this discussion will focus on the statements attributed to appellee that appellant "has no work experience; no involvement in the city itself. She didn't even know there was a strong mayoral form of government. At the polling places, she said the only way to win in River was to run as a Republican."

The second factor in the *Vail* test is whether the statements are verifiable. Appellee's statements are verifiable.

The third and fourth factors require an examination of the general and broad contexts of the statements. This court has previously acknowledged that "[t]he language of the entire column may signal that a specific statement which, sitting alone, would appear to be factual is in actuality a statement of opinion." *Logan v. Fairfield* (Oct. 26, 1989), Cuyahoga App. Nos. 56052 and 56055, unreported, 1989 WL 129119, quoting *Ollman v. Evans* (D.C.Cir.1984), 750 F.2d 970. Particularly relevant to the within action, the *Logan* court stated:

"A political candidate should also expect that the campaign will sometimes be rough and personal. [*Ollman* at 1002 (Bork, J., concurring.)] '[P]olitical controversy is part of the context that tends to show that some apparently factual assertions should be treated as rhetorical hyperbole and hence as opinions.'" *Id.*

Therefore, in the context of a contested election, it should be evident to the ordinary reader that appellee was engaging in hyperbole and, thus, opinion. Moreover, following appellee's statements in the article, the reporter included appellant's response wherein she says that she is running as a Republican, "not because it's the only way to win in this city, but because she likes the Republicans' conservative platform." Since appellant offers a conflicting viewpoint to

appellee's pronouncement, it becomes even more apparent that appellee's statements were opinions.

Thus, applying the "totality of the circumstances" test, in particular examining the general context of the statements in the article and the broader context of the statements in a contested political race, it is apparent that appellee's statements constituted opinions and are, therefore, not actionable. Since appellee's statements are not actionable, this court need not address whether he acted with actual malice. See, *e.g., Scott.*

Finally, appellant submits the recently decided case of *Gonzalez v. McKimm* (Jan. 25, 1999) Stark App. No. 97–CA–00297, unreported, 1999 WL 99295, in support of her position. Gonzalez and McKimm were candidates in an election for township trustee. Gonzalez maintained that his opponent's campaign brochure contained a cartoon that was libelous. The cartoon portrayed a table, beneath which was a drawing of a hand grasping a bundle of money.

The court applied the *Vail* test, rejecting McKimm's position that the cartoon was capable of an innocent interpretation. However, the cartoon involved in *Gonzalez* and the literature complained of by appellant in the case *sub judice* convey radically different messages. The "under the table" transaction depicted in the cartoon is a clear accusation of bribery, a particularly egregious offense by a public official. In contrast, appellee's statements about appellant merely raise questions regarding appellant's qualifications as a candidate.

The trial court properly granted summary judgment in appellee's favor. Appellant's appeal is overruled.

*Judgment affirmed.*

KARPINSKI, P.J., ROCCO and BLACKMON, JJ., concur.