JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Peter M. Sikora, appeals the decision of the Cuyahoga County Common Pleas Court that granted summary judgment to defendants-appellees, Plain Dealer Publishing Company and Beth Barber, on appellant's complaint for defamation. For the reasons that follow, we affirm.
 {¶ 2} On December 3, 2000, defendant-appellee, Plain Dealer Publishing Company ("Plain Dealer"), published an editorial authored by defendant-appellee, Beth Barber ("Barber"), an associate editor with the Plain Dealer, titled Judges should know the rules. The editorial addressed the recent election of appellant as administrative judge of the Juvenile Division of the Cuyahoga Common Pleas Court and made statements relative to that election. Suffice it to say, the editorial criticized the manner in which the election was conducted and, in particular, criticized appellant for his role in that election. Succinctly, the editorial commented on the apparent disregard of various juvenile court rules by the juvenile court and appellant.
 {¶ 3} Appellant thereafter instituted the within lawsuit in April 2001 wherein he alleged that the Plain Dealer and Barber published false statements and damaged his "reputation for integrity and honesty, and held him up to scorn, ridicule, hatred and disgrace * * *." The complaint also included a claim for intentional infliction of emotional distress.
 {¶ 4} The Plain Dealer and Barber subsequently moved for summary judgment arguing that they were entitled to judgment in their favor as a matter of law because, inter alia, Barber's conduct was reasonable under the circumstances and that the claim for intentional infliction of emotional distress was unsupportable. Appellant filed motions to declare R.C. 2739.12 unconstitutional and to compel the Plain Dealer and Barber to reveal their sources as well as to take judicial notice of a version of juvenile rules promulgated in June 1999, all of which the trial court denied.
 {¶ 5} In its opinion granting summary judgment to the Plain Dealer and Barber, the trial court stated:
 {¶ 6} "The specific language used by the editorial writer in its totality raised questions and attempted to provoke thought about the processes involving the election of the Administrative Judge of the Juvenile Court. This is fair commentary in an editorial. The use of rhetorical devices throughout the piece signaled the writer's judgment and opinion about the procedures in question."
 {¶ 7} Continuing, the court stated:
 {¶ 8} "Based upon the totality of the circumstances, the Court is convinced that the ordinary reader would accept the subject editorial as opinion rather than fact and the Court finds it constitutionally protected from a claim of libel as a matter of law."
 {¶ 9} The court then, alternatively, addressed whether Barber was guilty of actual malice notwithstanding its finding that the editorial was constitutionally protected speech. Finding no evidence to suggest that Barber "subjectively doubted the accuracy of her commentary or that she had a `high degree of awareness' of any probable falsity of the conclusions she was drawing from her knowledge of the facts," the court found appellant's claim for actual malice unsupportable. Nor did it find that Barber failed to conduct an adequate investigation sufficient to satisfy a claim for actual malice.
 {¶ 10} "To the contrary, [Barber's] efforts to pin down the facts surrounding the November 30th election and rules controlling it, showed a commendable due diligence. She familiarized herself with the Rules of Superintendence. She attended the November 30th meeting in person and observed the election process. She attempted to interview two Juvenile Court Judges without success following the meeting. She obtained a copy of the local Juvenile Rules (Anderson's) from the Juvenile Court Administrator himself, which were faxed to her. She received and relied on the plain language of the Rules. There was nothing in those Rules respecting the election. However, based on the `Preamble' referencing Civil Rules of the General Division, she obtained a copy of Local Rules from that court's website. She confirmed her conclusion by direct telephone conference with Judge [Richard] McMonagle, the Presiding Judge of the whole Common Pleas Court. He confirmed her understanding that the General Division Rules applied to the Juvenile Court election, requiring a secret ballot for a contested election and candidates who had served a full term. She ran her editorial by two of the Editorial Board members who approved. These activities reflected an honest effort to understand and portray the Rules correctly, even if she was mistaken in her judgments[,] which is not at all clear — even on minute legal analysis."
 {¶ 11} Appellant is now before this court and assigns four errors for our review.
 I. {¶ 12} In his first assignment of error, appellant contends that the trial court erred in granting summary judgment to Barber and the Plain Dealer. Succinctly, appellant argues that there remained genuine issues of material fact regarding whether these parties acted with actual malice in authoring and publishing the editorial article at issue in this case.
 {¶ 13} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivichv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
 {¶ 14} The Ohio Supreme Court in Vail v. The Plain DealerPublishing Co. (1995), 72 Ohio St.3d 279 reaffirmed Scott v. TheNews-Herald (1986), 25 Ohio St.3d 243, in holding that Article I, Section11 of the Ohio Constitution provides broader protection for media commentary than does the First Amendment to the United States Constitution. Vail, 72 Ohio St.3d at 281; Scott,25 Ohio St.3d at 244-245; see, also, Wampler v. Higgins (2001), 93 Ohio St.3d 111, 117;McKimm v. Ohio Elections Comm. (2000), 89 Ohio St.3d 139, 142. Distinguishing Milkovich v. Lorain Journal Co. (1990), 497 U.S. 1,110 S.Ct. 2695, 111 L.Ed.2d 1, the Vail court recognized a specific privilege for expressions of opinion. "Regardless of the outcome in Milkovich, the law of this state is that embodied in Scott. The Ohio Constitution provides a separate and independent guarantee of protection for opinion ancillary to freedom of the press." Vail, 72 Ohio St.3d at 281.
 {¶ 15} In determining whether an allegedly defamatory statement constitutes an opinion, a court must consider the totality of the circumstances, including (1) the specific language used; (2) whether the statement is verifiable; (3) the general context of the statement; and (4) the broader context in which the statement appeared. Id.; see, also,Scott, 25 Ohio St.3d at 250. After a lengthy historical discussion of the evolution of this area of law in Ohio, our supreme court again upheld the application of this totality-of-the-circumstances test in Wampler v.Higgins, 93 Ohio St.3d 111.
 {¶ 16} Notwithstanding, application of this test is fluid. Vail,72 Ohio St.3d at 282; Ferreri v. The Plain Dealer Publishing Co. (2001),142 Ohio App.3d 629, 639. The weight given to any one factor will necessarily vary depending on the circumstances of each case. "This analysis is not a bright-line test, but does establish parameters within which each statement or utterance may stand on its own merits rather than be subjected to a mechanistic standard." Vail, 72 Ohio St.3d at 282. Nonetheless, whether a statement is fact or opinion is a question of law to be determined by the court. Wampler, 93 Ohio St.3d at 126; Scott,25 Ohio St.3d at 250. With this standard in mind, we have reviewed the published statements at issue in this case and conclude, based on the totality of the circumstances, that the statements are expressions of opinion subject to constitutional protection.
Specific Language Used
 {¶ 17} The writer's figurative use of sarcasm and hyperbole in expressing her ideas militates in favor of classifying the article as one of opinion rather than fact. In stating that the judges of the juvenile court "did not know or simply disregarded" the applicable rules of court when electing an administrative judge, Barber is expressing her opinion as to the knowledge of the judges based on her observation of their conduct and her understanding of the rules.
 {¶ 18} The same is true of the reference that appellant has "snubbed or flubbed the rules" or the writer's conclusion that the method of choosing an administrative judge "casts doubt on the outcome" and "calls into question the care, knowledge and attitude" of appellant in the position of administrative judge. Use of these rhetorical devices gives the impression that it is the writer's opinion that is being expressed rather than fact.
Verifiability
 {¶ 19} Use of figurative language that lacks any plausible method of verification is less likely to believed by the reader to be fact and, therefore, constitutes an opinion. See Ferreri, 142 Ohio App.3d at 640. Merely because an editorial article contains factual references does not transform an opinion into a factual article. It is the language of the entire article, and not a singular factual reference, that determines whether an article is fact or opinion. Ferreri, 142 Ohio App.3d 629,640, citing DeVito v. Gollinger (1999), 133 Ohio App.3d 51, 55.
 {¶ 20} Whether the alleged defamatory statements are verifiable is not to be confused with the writer's attempts at verifying any factual references contained in the article. On the contrary, it is the conclusions that are drawn from any factual references that epitomize the classification as fact or opinion. In this regard, Barber's references to the judges "not knowing the rules" or appellant's "snubbing or flubbing" these rules, are statements that a rational reader would know are incapable of verification. They are merely Barber's opinion as to the knowledge of the particular judges based on her observations of their conduct and her knowledge of the rules.
Context
 {¶ 21} The general and broader context of the article leads us to the same conclusion.[1] After criticizing the judges of the juvenile court, in general, by stating that they "did not know or simply disregarded" the applicable rules of court when electing the administrative judge, Barber detailed the events of the meeting that led to the election of appellant as administrative judge. The article then concluded:
 {¶ 22} "These improprieties may or may not rise to a level that would seize the justices' (sic) attention. They do rise, however, to a level that calls into question the care, knowledge and attitude [appellant] brings to the post of administrative judge and the appropriateness, for those the court serves, the public and law, of keeping him in it."
 {¶ 23} Thus, it is apparent to this court that the overall tenor of the article was one in where the writer was expressing an opinion rather than relaying factual information.
 {¶ 24} Moreover, the article appears in the "Forum" section of the newspaper, a section dedicated to the expression of opinion by members of the newspaper's editorial staff and as well as members of the public. Thus, the context of the article puts the reader on notice that what is being read is the opinion of the writer. See Vail, 72 Ohio St.3d at 282. Based on the totality of the circumstances, we conclude that the statements contained in the December 3, 2000 editorial article, which was authored by Barber and published by the Plain Dealer, constitute expressions of opinion and are, therefore, not actionable as a matter of law.
 {¶ 25} Although we need not determine whether there exists a genuine issue regarding actual malice based on this conclusion, seeVail, 72 Ohio St.3d at 284 (Douglas, J., concurring), we see nothing in the record to support that Barber acted with actual malice even if we were to conclude otherwise. Actual malice in this context is defined as any statement made with knowledge that it was false or with reckless disregard of whether it was false. New York Times Co. v. Sullivan
(1964), 376 U.S. 254, 279-280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686, 706.
 {¶ 26} In this case, Barber attended the judges' meeting, obtained copies of the local rules from juvenile court personnel and consulted with other court personnel in an effort to confirm her understanding of the local rules. That this information may have been inaccurate does not diminish the fact that she acted with diligence in attempting to verify the accuracy of her information before formulating her conclusions. Under these facts, it cannot be said that Barber acted with actual malice even without the broader First Amendment protection afforded under Vail.
 {¶ 27} Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 28} Appellant's remaining assignments of error challenge various decisions or references made by the trial court as pertains to the issue of actual malice. In particular, appellant's second assignment of error challenges the trial court's denial of his motion to declare R.C. 2739.12, the reporter's shield statute, unconstitutional while his third assignment of error challenges the trial court's denial of appellant's request to take judicial notice of a particular version of juvenile rules. His fourth assignment of error claims that the trial court erred in relying on hearsay statements in its decision granting summary judgment to Barber and the Plain Dealer. Because these assigned errors are directed or related to the issue of actual malice, an issue we need not reach today based on our discussion in Section I, these assignments of error are moot and need not be addressed by this court. See App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., concurs.
ANN DYKE, J., concurs in judgment only.
[1] There appears to be some confusion regarding what constitutes "general context" as opposed to "broad context." Cf. Vail,72 Ohio St.3d at 282 with Wampler, 93 Ohio St.3d at 130-132. Wampler is our supreme court's most recent pronouncement in this area of law and the discussion contained therein is, at least in this author's opinion, a more cogent opinion. We, nonetheless, discuss both factors together for ease of discussion.